# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

PRYOR CHEMICAL CO., )
                                  Plaintiff, )
v. )   Case No.10-CV-488-GKF-FHM
HOERBIGER SERVICE, INC., )
                                  Defendant. )

## OPINION AND ORDER

This matter comes before the court on the Motion to Transfer [Doc. No. 23] filed by defendant Hoerbiger Service, Inc. ("Hoerbiger"). Defendant seeks transfer of this case to the Untied States District Court for the Southern District of Texas, Houston Division.

### I. Analysis

Transfer to a different district court where the action might have been brought is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The Tenth Circuit has held that this section gives courts discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The party moving to transfer a case pursuant to §1404(a) bears the burden of establishing that the existing forum is inconvenient. *Id.* at 1515.

> In ruling on a motion to transfer, courts are to consider the following factors: the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of

> witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

The factors at issue here are the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process; and whether local interests favor one venue over the other. Neither party asserts that the cost of making the necessary proof, questions as to the enforceability of a judgment, relative advantages and obstacles to a fair trial, difficulties from congested dockets, the possibility of questions arising in the area of conflict of laws, or other considerations of a practical nature favor one venue over another.

### A. Plaintiff's Choice of Forum

Plaintiff's choice of forum is given "considerable weight." *Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). "[U]nless the evidence and circumstances are strongly in favor of the transfer, the plaintiff's choice of forum should rarely be disturbed." *Hoster v. Monongahela Steel Corp.,* 492 F.Supp. 1249, 1253 (W.D. Okla. 1980). Plaintiff, an Oklahoma corporation that owns and operates a fertilizer plant located in Pryor, Oklahoma, chose its home district to file its lawsuit.

### B. Accessibility of Witnesses and Other Sources of Proof

The competing affidavits submitted by the parties establish that plaintiff's witnesses are employees who work at the plant in Pryor [Doc. No. 24-2, Affid. of Jarrett Owen, ¶4], while defendant's witnesses are employees, agents, subcontractors and consultants located at or near its

2

facility in La Porte, Texas. [Doc. No. 23-1, Affid. of Bryan Stewart, ¶¶10-11, 13]. The equipment at issue is located at plaintiff's plant in Pryor, as are the company's records reflecting damages it has sustained. [Doc. No. 24-2, Owen Affid., ¶¶5-6]. At least some of the equipment was repaired at defendant's La Porte facility, and its records are located there. [Doc. No. 23-1, Stewart Affid., ¶¶9,12]. Defendant asserts that this court may be unable to compel attendance of former employees and contractors living in Texas at the trial of this case. In particular, it contends that the individual who executed relevant agreements on behalf of defendant is no longer an employee but resides in the Southern District of Texas. [Doc. No. 23-1, Stewart Affid., ¶13]. However, the Stewart affidavit is insufficient to show inconvenience, because it does not set out the expected testimony of any of the proposed witness so as to enable the court to pass on the materiality of the proposed testimony. *See Hoster v. Monongahela Steel Corp.,* 492 F. Supp. 1249, 1254 (W.D. Okla. 1980) citing *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145 (10th Cir. 1967). The affidavit also fails to establish that any of the third party witnesses refuse to come to Oklahoma.

"[W]here a transfer would merely shift the inconvenience from one to the other or where the balance is only slightly in favor of a moving party, a transfer should be denied." *Hoster,* 492 F. Supp. at 1254.

### C. Local Interest

Defendant contends the Northern District of Oklahoma has a limited local interest in the outcome of this litigation because "[t]he alleged wrongs here occurred within the Southern District of Texas, and not within the Northern District of Oklahoma." [Doc. No. 23 at 5]. However, the affidavit of Jarrett Owen establishes that for a period of approximately nine

3

months in 2009, defendant sent several of its employees on numerous trips to Pryor to study, inspect, install parts, and perform services on the equipment located at the Pryor plant [Doc. No. 24-2, Owen Affidavit, ¶7] Plaintiff contends this was part of a "failed effort to refurbish and repair the equipment." [Doc. No. 24 at 5]. Thus, it appears that the actions and events giving rise to plaintiff's claims occurred in both Oklahoma and Texas.

## II. Conclusion

Unless the balancing of these factors demonstrates that "the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010). Here, defendant has failed to carry its burden of showing the balancing of relevant factors strongly favors transfer. Therefore, defendant's Motion to Transfer [Doc. No. 23] is denied.

ENTERED this 24th day of January, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma